UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH PASSAPERA,

     Plaintiff,

v.                            Case No:   6:18-cv-1124-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## REPORT AND RECOMMENDATION

Plaintiff Elizabeth Passapera appeals to this Court from Defendant, the Commissioner of Social Security's final decision to deny her application for disability insurance benefits. After reviewing the record, including the administrative law judge's ("ALJ") decision, the exhibits, and the joint memorandum submitted by the parties, I respectfully recommend that the Commissioner's final decision is **reversed.**

### Background[1]

When the ALJ rendered her decision, Plaintiff was thirty-eight years old (Tr. 165). She has a master's degree in accounting and past relevant work as a gauger, airport utility worker, baggage handler, venetian blind assembler, teacher's aide, and hand packager (Tr. 25, 45) In October 30, 2014, Plaintiff applied for benefits, alleging a disability onset date of October 1, 2013 (Tr. 67, 165-166). Her claims were denied at the initial and reconsideration levels (Tr. 96-99, 101-106). At her request, the ALJ held a hearing on June 13, 2017 (Tr. 38-66, 107). The ALJ issued an unfavorable decision on July 7, 2017 (Tr. 9-31). On May 10, 2018, the Appeals Council denied Plaintiff's request

---

[1] The information in this section comes from the parties' joint memorandum filed on January 29, 2019 (Doc. 14).

for further review (Tr. 1-8). Consequently, the ALJ's decision became the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process published in 20 C.F.R. § 404.1520(a) and 416.920(a). The ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date through December 31, 2016, her date last insured (Tr. 17-18). At step two, the ALJ found Plaintiff severely impaired by a muscle, ligament, fascia disorder; affective mood disorder; attention deficit disorder (ADD)/attention deficit hyperactivity disorder (ADHD); and insomnia (Doc. 18). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526) (Tr. 18-19). Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to,

> [P]erform less than the full range of sedentary work as defined
> in 20 CFR 404.1567(a). She can lift 10 pounds occasionally
> and less than 10 pounds frequently. She can stand and walk
> up to two hours and sit up to six hours in an eight-hour
> workday. She is able to occasionally climb ramps and stairs,
> stoop, kneel, crouch, and crawl, but should never climb
> ladders, ropes, or scaffolds. She must avoid concentrated
> exposure to hazards such as heights and machinery. She is
> limited to jobs where the tasks are simple with only occasional
> interaction with the public.

(Tr. 19-25). At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work (Tr. 25). But, the ALJ concluded at step five that there were other jobs in

the national economy including document preparer, check weigher, and final assembler,

that Plaintiff could perform and therefore, she was not disabled (Tr. 26-27).

## Standard of Review

The scope of the Court's review is limited to determining whether the

Commissioner applied the correct legal standards and whether the Commissioner's

findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363

F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if

supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more

than a scintilla but less than a preponderance. It is such relevant evidence that a

reasonable person would accept as adequate to support a conclusion." Winschel v.

Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the

district court will affirm even if the reviewer would have reached a contrary result as finder

of fact, and even if the reviewer finds that the preponderance of the evidence is against

the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The

district court "may not decide facts anew, reweigh the evidence, or substitute our

judgment for that of the [Commissioner.]" Id. "The district court must view the record as a

whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

The fact that the ALJ committed error does not always justify remand. The error will be considered "harmless" and not subject to reversal if the claimant fails to establish prejudice. It is the claimant's burden to show that but for the error, the ALJ would have rendered a favorable disability decision. In other words, the claimant must direct the Court's attention to specific additional evidence that had it been considered, would have resulted in a favorable disability decision. Cf. Snell v. Comm'r Soc. Sec., Case No. 6:12-cv-1542-Orl-22TBS, 2013 U.S. Dist. LEXIS 185166, at *9 (M.D. Fla Dec. 6, 2013) (The ALJ's error must result in prejudice, such that had the ALJ done things differently, the residual functional capacity consideration, and ultimate disability decision, would be different) (citing James v. Astrue, No. 3:11-cv-226-J-TEM, 2012 U.S. Dist. LEXIS, at 6-7 (M.D. Fla. Mar. 12, 2012)). The Eleventh Circuit has determined that even though the ALJ may have a particular duty, "a showing of prejudice must be made before [the court] will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration." Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985).

### Discussion

Plaintiff served in the Army from 2012 until 2014, when she left due to injuries sustained during basic training (Tr. 46-47). She testified that the Department of Veteran's Affairs ("VA") assigned her a disability rating of 80 percent (Tr. 45, 59). Her rating is comprised of 70 percent for chronic adjustment disorder and 10 percent for lumbosacral or cervical strain (Tr. 1318; Doc. 14 at 8).

The U.S. Court of Appeals for the Eleventh Circuit instructs that a disability rating from the VA is "evidence that should be given great weight." Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quotation omitted). "Great weight" does not mean controlling, but "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination," especially when the VA gives a 100% disability rating. Brown-Gaudet-Evans v. Comm'r of Soc. Sec., 673 F. App'x 902, 904 (11th Cir. 2016) (citing Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. 1981) ("A VA rating of 100% disability should have been more closely scrutinized by the ALJ.")).

This is the ALJ's entire discussion of Plaintiff's VA disability rating:

> The undersigned has also considered the claimant's service connected disability rating of 80% from the VA. (Testimony). 20 CFR 404.1504 provides that a decision by any other agency, governmental or non-governmental, that a person is disabled is based on that agency's own rules and is not the decision of the Social Security Administration which must make a determination of disability based solely on Social Security law. A determination by another agency is not binding on the undersigned. Other disability programs deal primarily with a claimant's ability to perform the pre-injury occupation and fails to assess whether a claimant can perform any occupation existent in significant numbers in the local or national economy, as must be considered under the Social Security law and regulations. Therefore, the undersigned accords little weight to claimant's service connected disability rating given by the VA.

(Tr. 24-25).

It is clear from this paragraph that the ALJ never seriously considered Plaintiff's VA disability rating. The treatment of a disability rating in this manner had been rejected by this Court and other courts in the Eleventh Circuit. See Beshia v. Commissioner, 328 F. Supp. 3d 1341 (M.D. Fla. Sept. 12, 2018); Hogard v. Sullivan, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990); Gibson v. Astrue, 725 F. Supp. 2d 1347, 1351 (M.D. Fla. 2010); see

also <u>Guice v. Colvin</u>, Civil Action No. 2:14-cv-1850-KOB, 2016 U.S. Dist. LEXIS 31503, at *5-6 (N.D. Ala. Mar. 11, 2016); <u>Mobley v. Colvin</u>, No. CV 113-207, 2014 WL 6908781, at *3 (S.D. Ga. Dec. 8, 2014); <u>Cronin v. Comm'r Soc. Sec.</u>, No. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 2012); <u>Towner v. Astrue</u>, Case No. 8:11-cv-2258-T-30TBM, 2012 WL 6699627, at *4 (M.D. Fla. Dec. 5, 2012).

In <u>Beshia</u>, this Court said:

> Summarily rejecting a VA disability rating because it is non-binding in the SSA context and relies on different criteria constitutes legal error. As does not addressing the merits of a 100% VA disability rating–particularly where based on the same underlying medical conditions at issue in the SSA proceedings. A justified assignment of little weight to a VA disability rating, therefore, outlines and explains what medical conditions the VA assessed and how they differ from the claimed SSA disability. If not, the Commissioner's decision is reversed and remanded for the ALJ to appropriately evaluate and weigh the VA disability rating.

328 F. Supp. 3d at 1346-47 (citations and footnotes omitted). Because the ALJ never analyzed Plaintiff's VA disability rating, and consequently failed to give specific, valid reasons for discounting it, the ALJ's assignment of "little weight" constitutes reversible error.

Plaintiff has raised an additional argument concerning the ALJ's treatment of her testimony about her pain and limitations. Because remand is required based upon Plaintiff's first argument, it is unnecessary to review this remaining objection to the ALJ's decision. <u>Freese v. Astrue</u>, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing <u>Jackson v. Bowen</u>, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) The Commissioner's final decision be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. §405(g) for further proceedings consistent with the findings in this Report.

(2) The Clerk be directed to enter judgment and **CLOSE** the file.

(3) Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(4) Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on April 1, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record