UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH PASSAPERA,

    Plaintiff,

v.                                              Case No: 6:18-cv-1124-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Unopposed Motion for Attorney's Fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 18). Plaintiff requests an award of fees in the amount of $3,109.81. Her lawyer's schedule of billable hours attached to the motion supports the request (Id. at 10-12). Defendant has no objection to the motion (Id. at 2).

Plaintiff asserts that she is the prevailing party in this case, that the Commissioner's position was not substantially justified, and that her net worth when this case was filed was less than two million dollars[1] (Id. at 1-2, 4-6).

On April 1, 2019, I submitted my report and recommendation that the Court reverse and remand this case back to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 15). The Court adopted the report and

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

recommendation on April 16, 2019 (Doc. 16) and the Clerk entered judgment the next day (Doc. 17). Plaintiff filed this application for attorney's fees on July 15, 2019 (Doc. 18).

Plaintiff has assigned her right to attorney's fees to her lawyer (Doc. 25-3). And, she represents that the parties have agreed that after the Court enters its order awarding EAJA fees to Plaintiff the Defendant will determine whether Plaintiff owes a debt to the government (Doc. 18, ¶ 9). If Plaintiff does not owe a debt to the government, then the government may, in its discretion, accept Plaintiff's assignment and pay the EAJA fee directly to Plaintiff's lawyer (Id.). The Court need not wade into these waters. Any agreement between the parties as to payment of the award is outside the purview of the Court. See Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521, 177 L.Ed.2d 91 (2010) (EAJA attorney's fees are awarded to prevailing party, not to the prevailing party's attorney). The parties may make whatever collection arrangements that they wish to, but the Court should not order the government to reimburse counsel directly.

Now, pursuant to the provisions in the EAJA, I respectfully recommend that the Court **GRANT** Plaintiff's unopposed motion for attorney's fees (Doc. 18), and award Plaintiff attorney's fees in the amount of **$3,109.81,** as set forth herein.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 16, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record